IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James B. Skelton, | ) C/A No. 3:14-2133-MBS-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Judge Daniel Eckstorm, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

James B. Skelton ("Plaintiff"), proceeding pro se, brings this action for violation of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

Background

Plaintiff brings this action against a state probate judge for Lexington County, Daniel Eckstorm ("Eckstorm").[1] Complaint [Doc. 1 at 1–2.] Plaintiff alleges that in January 2013 he received an award letter from the Veterans Administration granting him service connected disability benefits. [*Id.* at 3.] He seems to allege that the letter also declared him "competent to manage [his] affairs including finances." [*Id.*] He alleges he presented the letter to "Family Services of North Charleston" and to the Lexington County Probate Court, and the family services "released" him but "the probate court refuses to comply." [*Id.*] Based on these facts, Plaintiff alleges Defendant violated his civil rights. [*Id.*] He requests that this Court order Eckstorm "to release [him] from the probate rolls immediately without question." [*Id.* at 5.]

---

[1] Plaintiff mis-spelled Defendant's last name; it is correctly spelled Eckstrom.

From a prior case filed by Plaintiff in this Court, *Skelton v. Eckstrom*, C/A No. 3:10-1888-MBS (D.S.C.), this Court has gleaned that in 2003 apparently a conservator was appointed by a state probate court on behalf of Plaintiff in order to manage his affairs. *See* Report and Recommendation, *Skelton v. Eckstrom*, C/A No. 3:10-1888-MBS (D.S.C. July 29, 2010), ECF No. 8. Plaintiff has filed several prior actions in this Court apparently seeking to regain control to manage his own affairs. *See id.*; *Skelton v. Eckstrom*, C/A No. 3:12-1891-MBS (D.S.C. Aug. 9, 2012). It is appropriate for this District Court to take judicial notice of Plaintiff's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains

2

subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although Plaintiff seems to allege that a person acting under color of state law violated his civil rights, he still fails to state a claim on which relief may be granted because this Court does not have jurisdiction to grant the relief requested. Plaintiff's request for this Court to order Lexington County Probate Judge Eckstorm to take certain actions in a probate case is in the nature of seeking a writ of mandamus against Defendant. A writ of mandamus is a writ issued by a court to compel performance of a particular act by a lower court. *Black's Law Dictionary*, mandamus (9th ed. 2009). This Court does not have jurisdiction to enter an injunction, or a writ of mandamus, to order a state court probate judge to take certain actions in a probate case because this Court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, 305 F. App'x 65 (4th Cir. 2008).

Moreover, to the extent Plaintiff seeks to overturn or reverse a prior probate order or judgment where a court appointed a conservator on his behalf, this action should be dismissed based on *Rooker-Feldman* abstention. Where a plaintiff files an action in a United States district court to seek review and reversal of a state court judgment rendered before the district court proceedings commenced, the claim is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions. *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)); *see also Smalley v. Shapiro & Burson*, 526 F. App'x 231, 235–36 (4th Cir. 2013) (party losing in state court is barred from

4

seeking what in substance would be appellate review of state judgment, and the doctrine applies to matters directly addressed by the state court and claims which are inextricably intertwined with state court decisions). Here, Plaintiff's request that this Court order Eckstorm "to release [him] from the probate rolls immediately without question" appears to be an attempt to overturn, reverse, or modify a prior probate order. This Court, however, does not have jurisdiction to vacate a state court decision entered prior to this case. *See In re Genesys Data Tech., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (noting that pursuant to 28 U.S.C. § 1738 all federal courts must give full faith and credit to valid state court judgments).

## Recommendation

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

                                              s/ Jacquelyn D. Austin
                                              United States Magistrate Judge

June 17, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).