IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James B. Skelton, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Judge Daniel Eckstrom, )<br>)<br>Defendant. )<br>_____) | C/A No. 3:14-2133-MBS<br><br><br>**O R D E R** |

Plaintiff James B. Skelton, proceeding pro se, filed the within action on May 30, 2014 against Defendant South Carolina Probate Court Judge Daniel Eckstrom. Plaintiff seeks to be released from a conservancy overseen by the probate court. Plaintiff contends he is competent to manage his own affairs, and requests the court to order Defendant "to release [Plaintiff] from the probate rolls immediately without question." ECF No. 1, 5.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. On June 17, 2014, the Magistrate Judge filed a Report and Recommendation in which she determined that Plaintiff's complaint is in the nature of a writ of mandamus to compel Defendant to act in accordance with Plaintiff's wishes. The Magistrate Judge noted that the court lacks jurisdiction to grant the relief requested. Accordingly, the Magistrate Judge recommended that the case be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed objections to the Report and Recommendation on June 25, 2014.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.

In his objections, Plaintiff again contends that he is competent to manage his own affairs, and he "humbly appeal[s] to this honorable court to order Judge Daniel Eckstrom to release me from the rolls of his probate court."  ECF No. 12.  However, as the Magistrate Judge properly concluded, the court lacks jurisdiction to grant mandamus relief against state officials or to review state court orders.  See In re Rochester, 468 F. App'x 393, 395 (4th Cir. 2012) (citing cases).  Further, the court is barred from reviewing state court judgments under the Rooker-Feldman doctrine.  See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs., 521 F. App'x 278, 288 (4th Cir. 2013) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Ct. App. v. Feldman, 450 U.S. 462 (1983)).  Plaintiff's objection is without merit.

The court has thoroughly reviewed the record.  The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.  Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
Senior United States District Judge

Columbia, South Carolina

December 30, 2014